**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 22 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARVIN GIOVANNY MORAN, | No. 16-73206 |
| Petitioner, | Agency No. A094-321-869 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 16, 2022[**]

Before:    SILVERMAN, MILLER, and BUMATAY, Circuit Judges.

Marvin Giovanny Moran, a native and citizen of El Salvador, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's decision denying his application for withholding of

removal and relief under the Convention Against Torture ("CAT").  We have

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241 (9th Cir. 2020). We deny the petition for review.

Substantial evidence supports the agency's determination that the harm Moran experienced in El Salvador did not rise to the level of persecution. *See Nahrvani v. Gonzales*, 399 F.3d 1148, 1153 (9th Cir. 2005) (persecution is an extreme concept); *see also Wakkary v. Holde*r, 558 F.3d 1049, 1059-60 (9th Cir. 2009) (cumulative experiences did not compel finding of past persecution). Substantial evidence also supports the agency's determination that Moran did not establish a clear probability of future persecution in El Salvador. *See Lanza v. Ashcroft*, 389 F.3d 917, 934-35 (9th Cir. 2004) (petitioner's evidence did not show clear probability of future persecution).

We do not consider Moran's pattern or practice and disfavored group claims because the BIA did not decide the issues, *see Santiago-Rodriguez v. Holder*, 657 F.3d 820, 829 (9th Cir. 2011) (review limited to the grounds relied on by the BIA), and Moran does not contend the BIA erred in finding that his pattern or practice and disfavored group claims were not properly before it, *see Corro-Barragan v. Holder*, 718 F.3d 1174, 1177 n.5 (9th Cir. 2013) (failure to contest issue in opening brief resulted in waiver).

In light of this disposition, we do not reach Moran's remaining contentions

16-73206

as to his eligibility for withholding of removal. *See Simeonov v. Ashcroft*, 371

F.3d 532, 538 (9th Cir. 2004) (courts are not required to decide issues unnecessary

to the results they reach).

Thus, Moran's withholding of removal claim fails.

Substantial evidence supports the agency's denial of CAT relief because

Moran failed to show that it is more likely than not he would be tortured by or with

the consent or acquiescence of the government if returned to El Salvador. *See*

*Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

The temporary stay of removal remains in place until issuance of the

mandate.

**PETITION FOR REVIEW DENIED.**